Robert Chaffin (Tex. SBN: 04057500)
*robert@chaffinlawfirm.com*
THE CHAFFIN LAW FIRM
4265 San Felipe, Suite 1020
Houston, Texas 77027
(713) 528-1000 · (713) 952-5972 (f)
*(To apply as counsel pro hac vice)*

Howard W. Rubinstein (Fla. SBN: 0104108)
*howardr@pdq.net*
LAW OFFICES OF HOWARD W. RUBINSTEIN
P.O. Box 4839
Aspen, Colorado 81612
(832) 715-2788 · (561) 688-0630 (f)
*(To apply as counsel pro hac vice)*

Harold M. Hewell (Cal. SBN: 171210)
*hmhewell@hewell-lawfirm.com*
HEWELL LAW FIRM
105 West F Street, Second Floor
San Diego, California 92101
(619) 235-6854 · (888) 298-0177 (f)

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE FRANCIS, as an individual and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>*vs.*<br><br>**NESTLÉ USA, INC.**, a Delaware corporation, and **DOES 1** through **20**, inclusive,<br><br>    *Defendants.* | CV10·09544 GW (FFMx)<br><br>**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**<br><br>*Class Action*<br><br>*Jury Trial Requested* |

Plaintiff, Katie Francis, by and through counsel, files this Complaint individually, and on behalf of all others similarly situated, and alleges against Defendant, Nestlé USA, Inc. ("Nestlé" or "Defendant"), as follows:

## I. VENUE AND JURISDICTION

1.     This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

2.     Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

3.     As set forth below, Plaintiff is a citizen of Colorado, and Nestlé can be considered a citizen of California or Delaware. Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A).

4.     Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than California where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

5.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant's headquarters is located in Glendale, California, and Defendant conducts business in, and may be found in, this district. The "Declaration of Harold M. Hewell, Pursuant to Civil Code §1780(c) of the Consumer Legal Remedies Act, Civil Code §§1750 et

seq." regarding venue under the California Consumer Legal Remedies Act ("CLRA") is submitted herewith and is incorporated herein by reference.

## II. PARTIES

6.     Plaintiff Katie Francis is an individual more than 18 years old, and is a citizen of the State of Colorado. She respectfully requests a jury trial on damage claims. Ms. Francis purchased the subject product of this action, NESTLE® CARNATION® INSTANT BREAKFAST® ("Product"), at least three times during the Fall of 2009, from a 7-Eleven (Store #22021), located at 23250 Hwy. 82, Basalt, Colorado, 81621. In purchasing the Product, Ms. Francis saw and relied on the labeling and advertising for it. She has been damaged by her purchase of the Product because the labeling and advertising for the Product was and is false and/or misleading. The labeling and advertising for the Product relied upon by Ms. Francis was prepared and/or approved by Nestlé and its agents, and was disseminated by Nestlé and its agents through labeling and advertising containing the misrepresentations alleged herein. The labeling and advertising for the Product was designed to encourage consumers to purchase the Product.

7.     Defendant, Nestlé, is a Delaware corporation and a private subsidiary of the world's largest food company, Nestlé S.A., which is headquartered in Switzerland. Nestlé identifies 800 North Brand Boulevard, Glendale, California 91203, as the location of its headquarters[1] and lists with the California Secretary of State an agent for service of process by the name of C T Corporation System, located at 818 West 7th Street, Los Angeles California 90017. For purposes of diversity, Nestlé can be considered a citizen of California or Delaware.

---

[1]   See http://www.nestleusa.com/PubFAQ/FAQs.aspx, retrieved on December 13, 2010.

### III. GENERAL ALLEGATIONS

8.     All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

9.     Plaintiff alleges that, at all times relevant herein, Nestlé and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Nestlé, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

10.     Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Product, as well as their respective employees, also were Nestlé's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

11.     Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, Nestlé, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Product by means of false, misleading, deceptive and fraudulent representations, and that Nestlé participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

12.     Whenever reference in this Complaint is made to any act by Nestlé or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Nestlé committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Nestlé while actively engaged in the scope of their

duties.

## IV. NATURE OF THE ACTION

13.    Nestlé made false and misleading statements in its advertising and packaging of the Product. According to Nestlé's uniform and consistent claims, use of the Product would help support a healthy immune system. The Product label boasts that it contains "Antioxidants to help support the immune system."

14.    These consistent and uniform claims are false. Indeed, there is no reliable scientific study to support these claims at the ingredient levels found in the Product.

15.    Plaintiff therefore brings this class action to secure, among other things, equitable relief and actual damages for the Class against Nestlé for false and misleading advertising in violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 et seq.; California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500 et seq.; and California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq., and for damages arising from the breach of express warranty.

## V. FACTUAL ALLEGATIONS

16.    An increase in the number of health-conscious consumers, coupled with scientific revelations regarding the nutritional content of food, has led to a rapidly growing market for food that is promoted as offering a unique health benefit.

17.    In an effort to corner a portion of that market, unscrupulous companies routinely toss a small amount of a particular substance into a product and advertise the product as though it could provide results beyond any reasonable expectation.

18.    Often such substances contribute no scientifically proven health benefits, or the products contain the substances in such small amounts that

any real benefit is illusory.

19.    Nevertheless, companies have engaged in marketing campaigns that suggest to health-conscious consumers that a particular product supplemented with a particular substance will bolster the user's immune system and promote good health.

20.    On March 6, issued a press release[2] stating:

Now you can start the day off right with a nutritious breakfast that offers the velvety, smooth taste of dark chocolate - plus antioxidants.

Recent studies have shown that the antioxidants in dark chocolate can support overall health and wellness, and this summer, NESTLE® CARNATION® INSTANT BREAKFAST® will offer this with the launch of its decadently delicious Dark Chocolate flavor. With 190 milligrams of antioxidants in every eight-ounce serving – as much as an eight-ounce serving of green tea - the new Dark Chocolate Carnation Instant Breakfast is a great way to fulfill your daily chocolate craving while getting a nutritious breakfast. …

Antioxidants have the potential to provide many health benefits because they can neutralize free radicals in our cells, according to the International Food Information Council[2]. The antioxidant vitamins, A, C, and E, also can assist your body to maintain a healthy glow, beautiful skin, and healthy vision.

---

[1] (sic) http://www.ific.org/publications/factsheets/ antioxidantfs.cfm

---

21.    A recent attempt to locate the information cited in the press release footnote revealed that the Internet address cited was no longer active;

---

[2] "Treat Yourself to a Nutritious Breakfast of Chocolate Packed with Antioxidants!", Press Release from the "Nestlé USA Online Newsroom," dated March 6, 2006 (http://www.nestleusa.com/PubNews/PressRelease LibraryDetails.aspx?id=B9C83674-49AC-4277-B7DB-1514B1B881BC), retrieved December 13, 2010 (Footnote [2]/[1] in original).

instead it redirects to another address: http://www.foodinsight.org/. Of interest on that page is a link to an article entitled "Foods for Health: Supporting Immune Health." That article states in part that:

> The hustle and bustle of day-to-day life can cause wear and tear on the body. Stress, anxiety and poor nutrition can all take their toll on the immune system, keeping you from being your best. … Findings from the IFIC 2009 Functional Foods/Foods for Health Survey show 80 percent of Americans <u>believe</u> that foods and beverages can provide immune health benefits. By giving our bodies a little TLC, we can give our immune system the tools it needs to keep us healthy (Emphasis added.).[3]

22.    In other words, the article found on the website for the International Food Information Council Foundation supports the allegations above: four out of five Americans <u>believe</u> that they can eat and drink their way to a healthier immune system. And Nestlé leveraged that belief into a marketing opportunity for the Product.

23.    As noted above, the Product label boasts that it contains "Antioxidants to help support the immune system." Such claims, which began with Nestlé's May 4, 2006 press release, led consumers to believe that ingredients contained in the Product would have the tangible result of helping to support their immune system.

24.    However, these representations are deceptive. Nestlé cites no peer-reviewed studies to support its claims that the ingredients found in the Product, when ingested in the quantities found in the Product, will provide support for consumers' immune systems and help them "maintain a healthy glow, beautiful skin, and healthy vision."[4]

---

[3]    http://www.foodinsight.org/Resources/Detail.aspx?topic=Foods_for_Health_Supporting_Immune_Health, retrieved on December 13, 2010.

[4] See Note 2 above.

25.     Despite this lack of competent and reliable scientific evidence, Nestlé introduced the Product into the marketplace to profit from the increasing popularity of "functional" foods.

26.     Nestlé has prioritized profits ahead of its customers by altogether failing to conduct or commission any clinical trials or studies whatsoever concerning the benefits and risks of ingesting the ingredients it claims to support an individual's immune system.

27.     Nestlé also failed to adequately disclose whether any of the other ingredients found in the Product (whether, by their presence in the Product, or by the form and quantity of those ingredients in the Product) might offset or counteract the purported immunity benefits of other promoted ingredients.

28.     As a result of Nestlé's claims for the Product, reasonable consumers were led to believe that ingesting the Product would result in tangible benefits to their immunity and health.

29.     During the course of its false, misleading, and deceptive advertising campaign, Nestlé has sold many thousands of units of the Product based upon Nestlé's false promises.

30.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Nestlé's false representations. The Product, as purchased by the Plaintiff and the Class, was and is unsatisfactory and worth less than the amount paid for it.

31.     Plaintiff would not have purchased the Product, but for Nestlé's representations that consuming the Product would boost her immunity and good health.

32.     Through the conduct described herein, Nestlé has received money belonging to Plaintiff and the Class through the sale of the Product.

33.     Nestlé has reaped substantial profit by misrepresenting the facts

regarding its Product, as set forth herein.

34.    Nestlé has benefited from the receipt of such money that they would not have received but for its misrepresentations and/or omissions.

35.    As a result of the misleading representations detailed above, Nestlé was able to charge a price premium for the Product compared with similar drink mixes that did not make such claims.

36.    As a direct and proximate result of Nestlé's misconduct as set forth herein, Nestlé has been unjustly enriched.

37.    Under principles of equity and good conscience, Nestlé should not be permitted to keep the money belonging to Plaintiff and the Class that Nestlé has unjustly received as a result of its actions.

## VI. CLASS ACTION ALLEGATIONS

43.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

44.    Pursuant to Cal. Civ. Code §1781, Cal. Code of Civil Procedure §382 and Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as all persons in the United States who have purchased the Product for personal use during the period extending from the date Defendant first used the labeling representations on the Product described above, through and to the filing date of this Complaint.

45.    Defendants' practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the California statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

46.    All members of the Class and any subclass were and are similarly affected by the deceptive labeling of the Product, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

47.    Based on the annual sales of the Product and the popularity of the Product, it is apparent that the number of consumers in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

48.    Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, inter alia:

    a.    Whether Defendant's conduct related to the marketing, labeling and sales of the Product breached express warranties with regard to the Product;

    b.    Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code § 17200 et seq.;

    c.    Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code § 17500 et seq.;

    d.    Whether Defendant violated Cal. Civ. Code § 1750 et seq. with its practices and representations related to the marketing, labeling and sales of the Product within California; and

    e.    Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

49.    The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought

within the Class and any subclass is common to the members of each.

50.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

51.      Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

52.     Certification of this class action is appropriate under Cal. Civ. Code §1781, Cal. Code of Civil Procedure §382 and Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members.

53.     This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims.

54.     Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

55.     Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes.

56.     Further, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

57.     A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and

burden on the courts that individual actions would engender.

58.     The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VII. FIRST CAUSE OF ACTION:
## VIOLATIONS OF CAL. BUS & PROF. CODE § 17200 ET SEQ.

59.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

60.     This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to Cal. Bus. & Prof. Code § 17200 et seq., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

61.     Plaintiff alleges that Defendant committed unfair business acts and/or practices, as set forth in detail above. The utility of Defendant's practices related to the deceptive labeling and advertising of the Product is negligible, if any, when weighed against the harm to the general public.

62.     The harmful impact upon members of the general public who purchased and used the Product outweighs any reasons or justifications by Defendant for the deceptive labeling and advertising practices employed to sell the Product as described herein.

63.     Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling and advertising of the Product, as set forth above.

64.     The use of such unfair business acts and practices was and is

under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendant's marketing, advertising and labeling of the Product.

65.   Defendant committed a deceptive act or practice by making the labeling and advertising representations set forth in detail above. These deceptive acts and practices had a capacity, tendency, and/or were likely to deceive or confuse reasonable consumers.

66.   Defendant also committed an unlawful business practice by violating the FAL and CLRA as set forth in detail below. These violations serve as predicate violations of this prong of the UCL.

67.   As a purchaser and consumer of Defendant's Product, and as a member of the general public in California who purchased and used the Product, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL.

68.   Defendant's labeling and advertising practices, as set forth above, were intended to promote the sale of the Product and constitute unfair, deceptive and/or unlawful business practices within the meaning of California Bus. & Prof. Code § 17200 et seq.

69.   Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself and members of the general public, seeks an order of this Court requiring Defendant to restore to Plaintiff and other California purchasers of the Product all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

70.   Plaintiff and California purchasers of the Product will be denied an effective and complete remedy in the absence of such an order.

71.   As a result of Defendant's violations of the UCL, Plaintiff and California purchasers of the Product are entitled to restitution for out-of-

pocket expenses and economic harm.

72.     Pursuant to Civil Code § 3287(a), Plaintiff and California purchasers of the Product are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

73.     The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and California purchasers of the Product are entitled to interest in an amount according to proof.

## VIII. SECOND CAUSE OF ACTION:

## VIOLATIONS OF CAL. BUS. & PROF. CODE §17500 ET SEQ.

74.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

75.     In violation of California Bus. & Prof. Code §17500, Defendant disseminated, or caused to be disseminated, the deceptive Product labeling and advertising representations described in detail above.

76.     Defendant's Product labeling and advertising representations are misleading as set forth above.

77.     Defendant's labeling and advertising representations for the Product are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code § 17500 et seq. The representations were likely to deceive reasonable consumers.

78.     In making and disseminating the deceptive representations alleged herein, Defendant knew or should have known that the representations were misleading, and acted in violation of California's Bus. & Prof. Code §17500 et seq.

79.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and California purchasers of the Product have suffered substantial monetary and non-monetary damage.

80.     Pursuant to Bus. & Prof. Code § 17535, Plaintiff, on behalf of

herself and other California purchasers of the Product, seeks an order of this Court requiring Defendant to restore to California purchasers of the Product all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful acts or practices.

81.    As a result of Defendant's violations of the FAL, Plaintiff and California purchasers of the Product are entitled to restitution for out-of-pocket expenses and economic harm.

82.    Pursuant to Civil Code § 3287(a), Plaintiff and California purchasers of the Product are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

83.    The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and California purchasers of the Product are entitled to interest in an amount according to proof.

## IX. THIRD CAUSE OF ACTION:
## FOR VIOLATIONS OF CAL. CIV. CODE § 1750 ET SEQ.

84.    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

85.    This cause of action is brought pursuant to Cal. Civ. Code § 1750 et seq.

86.    Plaintiff and each California purchaser of the Product are "consumers" within the meaning of Civil Code §1761(d).

87.    The purchases of the Product by Plaintiff and California purchasers of the Product were and are "transactions" within the meaning of Civil Code §1761(e).

88.    Defendant's marketing, labeling and advertising and sales of the Product within California, as alleged herein, violated the CLRA in at least the following respects as set forth in detail above:

a.    In violation of Civil Code §1770(a)(5), Defendant

represented that the Product has characteristics, ingredients, uses, and benefits which it does not have; and

b.   In violation of Civil Code §1770(a)(7), Defendant represented that the Product is of a particular standard, quality, or grade, which it is not.

89.   Plaintiff seeks and is entitled to equitable relief in the form of an order requiring Defendant to make full restitution to California purchasers of the Product of all monies wrongfully obtained as a result of the conduct described above.

90.   Plaintiff, by and through counsel, is notifying Defendant in writing of the particular violations of Section 1770 of the CLRA, and is demanding that it take certain corrective actions within the period prescribed by the CLRA for such demands.

91.   In the event that Defendant fails to adequately respond to the demands for corrective action within the time prescribed by the CLRA, Plaintiff intends to amend this pleading to request statutory and actual damages, as well as punitive damages, interest and attorneys' fees as authorized by Section 1780(a) of the CLRA.

92.   Regardless of an award of damages, however, Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees and any other relief which the Court deems proper.

## X. FOURTH CAUSE OF ACTION:
## BREACH OF EXPRESS WARRANTY

93.   Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

94.   Plaintiff, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased

the Product.

95.    The terms of that contract include the promises and affirmations of fact made by Defendant on its Product labels and in the marketing of the Product as described above.

96.    These promises and affirmations of fact constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

97.    All conditions precedent to Defendant's liability under this contract, including notice, have been performed by Plaintiff and the Class.

98.    Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by failing to provide a product with the promised benefits described above.

99.    As a result of Defendant's breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Product at issue.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for a judgment:

1.    Certifying the Class and any subclass as requested herein;

2.    Awarding restitution to Plaintiff and all purchasers of the Product during the Class period, restoring all monies acquired by Defendant through any act or practice found to have been in violation of the UCL, FAL and/or CLRA, as well as pre-judgment interest thereon;

3.    Awarding to Plaintiff and all purchasers of the Product during the Class period disgorgement of all ill-gotten gains acquired by Defendant through any act or practice found to have been in violation of the CLRA;

4.    Awarding damages to Plaintiff and Class members for

Defendant's breach of express warranties;

5.     Awarding attorneys' fees and costs; and

6.     Providing such further relief as may be just and proper.

## XII. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

HEWELL LAW FIRM


Dated: December 10, 2010     By: _____
                       (VIA FAX/ELECTRONIC TRANSMISSION)

                      Harold M. Hewell

Robert Chaffin
robert@chaffinlawfirm.com
THE CHAFFIN LAW FIRM
4265 San Felipe, Suite 1020
Houston, Texas 77027
(713) 528-1000 · (713) 952-5972 (f)
*(To apply as counsel pro hac vice)*

Howard W. Rubinstein
howardr@pdq.net
LAW OFFICES OF HOWARD W. RUBINSTEIN
P.O. Box 4839
Aspen, Colorado 81612
(832) 715-2788 · (561) 688-0630 (f)
*(To apply as counsel pro hac vice)*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV10- 9544 GW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: Harold M. Hewell (Cal. SBN: 171210)
hmhewell@hewell-lawfirm.com
HEWELL LAW FIRM
105 West F Street, Second Floor
San Diego, California 92101
(619) 235-6854 · (888) 298-0177 (f)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KATIE FRANCIS, as an individual and on behalf of
all others similarly situated,

                                    PLAINTIFF(S)

                    v.

NESTLÉ USA, INC., a Delaware corporation, and
DOES 1 through 20, inclusive,

                                    DEFENDANT(S).

| CASE NUMBER |
| --- |
| **CV10-09544 GW (FFMx)** |
| |
| **SUMMONS** |

TO:    DEFENDANT(S): NESTLÉ USA, INC., a Delaware corporation,

A lawsuit has been filed against you.

Within  21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Harold M. Hewell _____, whose address is HEWELL LAW FIRM, 105 West F Street, Suite 213, San Diego, California 92101 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    **DEC  1 3 2010**

By: _____
        Deputy Clerk

        **JULIE PRADO**

        (Seal of the Court)              **SEAL**

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| KATIE FRANCIS, as an individual and on behalf of all others similarly situated, | NESTLE USA, INC., a Delaware corporation, and DOES 1 through 20, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Harold M. Hewell, HEWELL LAW FIRM, 105 West F Street, Second Floor, San Diego, California 92101, (619) 235-6854/(888) 298-0177 (f), Email: hmhewell@hewell-lawfirm.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- □ 2 U.S. Government Defendant
- □ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes □ No    □ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005); California statutory causes of action and common law cause of action.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | ☑ 370 Other Fraud | □ 510 Motions to | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | Vacate Sentence Habeas Corpus | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty □ 540 Mandamus/ Other | Disclosure Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | PROPERTY RIGHTS |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 830 Patent □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 444 Welfare | □ 630 Liquor Laws | SOCIAL SECURITY □ 861 HIA (1395ff) |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck □ 650 Airline Regs | □ 862 Black Lung (923) □ 863 DIWC/DIWW (405(g)) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus-Alien Detainee | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | □ 871 IRS-Third Party 26 USC 7609 |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 240 Torts to Land □ 245 Tort Product Liability | | | | |
| □ 950 Constitutionality of State Statutes | □ 290 All Other Real Property | | | | |

# CV10·09544

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Colorado. |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles. |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Colorado. |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved                                                                                                    .

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   **Date** December 13, 2010

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |